[No. 24473-6-I.   Division One.   January 28, 1991.]

RANDYL WRENN, *Individually and as Administratrix,*
ET AL, *Plaintiffs,* JAMES PINKERTON,
*Appellant,* v. SPINNAKER BAY
HOMEOWNERS ASSOCIATION,
*Respondent.*

*Karl Erik Malling* and *Law Offices of Karl Erik Malling,* for appellant.

*Donald Skinner,* for respondent.

WEBSTER, J.—James Pinkerton appeals an order barring him from claiming damages in a wrongful death action brought in his son's behalf. We affirm.

### FACTS

In February, 1986, Pinkerton's son, Jarad, and Jarad's step-grandmother drowned. Jarad's mother, Randyl Wrenn, brought a wrongful death action individually and as the administratrix of Jarad's estate. The suit was combined with a wrongful death action on behalf of Jarad's step-grandmother.

Wrenn notified Pinkerton on July 12, 1986, that she had instituted a wrongful death action on Jarad's behalf. The notice informed Pinkerton, as required by RCW 4.24.010, that he must join the lawsuit within 20 days or his right to recover damages would be barred. The claim filed by Wrenn did not contain Pinkerton's name as a joinable party pursuant to CR 19(c).

Pinkerton served a "Notice of Appearance and Joinder of Pinkerton as Plaintiff" on Wrenn within the 20-day statutory period. The notice stated that Pinkerton was joining the action as a party plaintiff pursuant to RCW 4.24.010 and to CR 18 and 19, the joinder rules. Pinkerton filed the notice with the court on August 4, 1986, 3 days after the 20-day deadline. Pinkerton alleges that he filed the notice late because he could not obtain the cause number until then. Approximately 2 years after Pinkerton's notice had been filed, and 8 months before trial, Pinkerton's attorney learned that the notice had not been served on Spinnaker

Bay. Upon discovering this, Pinkerton's attorney immediately served Spinnaker Bay.

Pinkerton alleges that, in the same time period he served notice on Spinnaker Bay, he orally informed Spinnaker Bay of his intention to participate in the trial for the sole purpose of establishing his general damages for "loss of love and companionship" and "destruction of the parent–child relationship" under RCW 4.24.010. In support of this allegation, Pinkerton points out that his name appeared on documents served on Spinnaker Bay, and that he participated in signing stipulations. Twelve days before the trial date, Pinkerton learned of Spinnaker Bay's plan to exclude him from the trial. Consequently, he immediately served on Spinnaker Bay an "Amended Joinder of Plaintiff James Pinkerton," in which he adopted the allegations of liability made by Wrenn and prayed for general damages for loss of Jarad's love and companionship and destruction of the parent–child relationship.

On May 24, 1989, the first day of trial, Spinnaker Bay moved to bar Pinkerton from participating in the lawsuit on grounds he had not complied with RCW 4.24.010. The trial court orally granted the motion, but instructed that it would entertain a motion for reconsideration if Pinkerton submitted an affidavit and authority to support his position. The trial court indicated that, if Pinkerton were successful, his claim would be tried *separately.* Pinkerton submitted a "Memorandum of Authorities re Joinder" on June 1, 1989.

The trial court submitted a written opinion on June 29, 1989, affirming its initial ruling barring Pinkerton's claim. The court held that Pinkerton's notice of joinder was deficient for two reasons. First, it was not served on Spinnaker Bay within the 20–day time period, and "in fact, was not served until September 1988, over two years later." Second, the notice did not notify Spinnaker Bay of Pinkerton's *claim and demand for relief.* The court found that Pinkerton did not plead his claim until approximately 1 week before the trial, when Pinkerton filed his amended joinder.

The court also determined that the appearance of Mr. Malling's name as "attorney for the father" on documents served on Spinnaker Bay did not provide constructive notice of Pinkerton's claims. Moreover, the court found that Spinnaker Bay apparently did not believe Pinkerton was making a claim for damages, because it did not "attempt to discover from Mr. Pinkerton the nature and potential extent of his claim."

## DISCUSSION

The primary issue on appeal is whether the trial court erred in dismissing Pinkerton's claims on grounds he did not comply with RCW 4.24.010. RCW 4.24.010, entitled "Action for injury or death of child", states in part:

> The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child . . ..
>
> . . . .
> If one parent brings an action under this section and the other parent is not named as a plaintiff, notice of the institution of the suit, together with a copy of the complaint, shall be served upon the other parent . . ..
> Such notice shall be in compliance with the statutory requirements for a summons. *Such notice shall state that the other parent must join as a party to the suit within twenty days or the right to recover damages under this section shall be barred. Failure of the other parent to timely appear shall bar such parent's action to recover any part of an award made to the party instituting the suit.*

(Italics ours.) The statute indicates that the parent who did not file the initial suit must join as a party within 20 days after receiving notice. Joinder cannot be accomplished, however, unless the joining parent serves notice on all of the parties involved. CR 5 states that "every pleading subsequent to the original complaint . . . and every written notice, appearance, . . . and similar paper shall be served upon each of the parties." Thus, Pinkerton was required to serve Spinnaker Bay with notice of his joinder within 20 days of service. While there may be circumstances in which failure to comply with this rule can be excused, in the instant case, Pinkerton did not serve notice on Spinnaker

Bay until 2 years after the action had been filed, contrary to the requirements of RCW 4.24.010.

Pinkerton contends based on RCW 4.16.170, a statute of limitation, that requiring the joining parent to serve the defendant in 20 days unfairly requires the joining parent to serve the defendant before the initiating parent is required to serve the defendant. This remote possibility of unfairness cannot defeat the mandatory language of the statute. Moreover, in the instant case, Wrenn served notice and a copy of the complaint on Pinkerton in the same time frame she served the complaint on Spinnaker Bay.

▌ Pinkerton also contends his joinder was mandated by CR 19, entitled "Joinder of Persons Needed for Just Adjudication." CR 19(c) states: "A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons joinable under (1) or (2) of section (a) hereof who are not joined, and the reasons why they are not joined." Arguably, Wrenn should have indicated in her pleading that Pinkerton was a joinable party under CR 19(c). However, we conclude that Wrenn's service of her pleading on Pinkerton pursuant to RCW 4.24.010 satisfied the notice objectives of CR 19(c) and rendered compliance with CR 19(c) superfluous. Once Pinkerton received a copy of Wrenn's pleading and notice that he must "join as a party to the suit" within 20 days, it was incumbent upon him to take all necessary actions to accomplish joinder within the 20-day period. *See* RCW 4.24.010. As a result of Pinkerton's failure to join the action in a timely manner, his right to assert his claim for loss of love and companionship and destruction to the parent–child relationship expired. RCW 4.24.010. Once Pinkerton's claim expired, he no longer qualified as a "joinable party" under CR 19 and CR 19 no longer applied to him.

▌ Pinkerton next argues that his failure to serve Spinnaker Bay for 2 years should be excused because it resulted in no prejudice to Spinnaker Bay. In support of this argument, Pinkerton points out that Spinnaker Bay received his notice 8 months before trial. He also contends that his

notice stated a claim because it referred to RCW 4.24.010, which lists the damages to which he is entitled, and that his notice implicitly incorporated the allegations and claims made by plaintiff Wrenn. CR 8, entitled "General Rules of Pleading", states in part:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled.

CR 8(a). Declaring one's intention to join in an action as a plaintiff and citing a statute number does not fulfill the requirements of CR 8(a). One of the policies behind the pleading rules is to ensure that defendants receive adequate and timely notice of all claims being brought against them. The appearance of Karl Malling's name as "attorney for the father" on documents served on Spinnaker Bay did not give it sufficient notice of Pinkerton's claims. As the trial court pointed out in its written opinion: "There may have been multiple reasons [why] plaintiff's attorney might have wanted to notify the father of the progress of this litigation, and the defendants cannot be required to presume that Mr. Pinkerton was a party." We agree with the trial court that Pinkerton did not plead his claim until 12 days before the trial.

Pinkerton nevertheless asserts that, even if his original notice did not state a claim, Spinnaker Bay received oral notice of his claim for damages for loss of love and companionship and destruction to the parent–child relationship 8 months before the trial. The trial court found, however, that Spinnaker Bay apparently was unaware of Pinkerton's claim. Pinkerton's contested allegation of oral notice is insufficient to overcome the pleading requirements of CR 5.

Regardless of whether Spinnaker Bay received oral notice 8 months before trial and whether Pinkerton's notice can be construed as stating a claim, Spinnaker Bay received no notice whatsoever from Pinkerton until 2 years after Wrenn filed suit. RCW 4.24.010 states that "[f]ailure of the other

parent to timely appear shall bar such parent's action to recover *any part of an award made to the party instituting the suit.*" (Italics ours.) We conclude that Pinkerton failed to comply with the requirements of RCW 4.24.010 and the trial court did not err in dismissing his claims.

■ Because we hold that the trial court did not err in dismissing Pinkerton's claims, we need not reach the issue of whether Pinkerton is entitled to a separate trial to determine his damages. We note, however, that RCW 4.24-.010 clearly indicates that the parents together, whether married or not, have *one* cause of action. In mandating one cause of action, we presume the Legislature sought to eliminate piecemeal litigation and the potential for double recovery. Therefore, in future cases the determination of whether a parent has properly joined should be made before the trial begins.

The judgment is affirmed.

GROSSE, C.J., and WINSOR, J. Pro Tem., concur.