[No. 34651-2-I.   Division One.   December 27, 1994.]

KATHY ALEXANDER, *Appellant*, v. FOOD SERVICES OF AMERICA, INC., ET AL, *Respondents*.

*Kathy Alexander,* pro se, and *John R. Alexander* and *Alder Giersch, P.S.,* for appellant.

*Michael Alexander Patterson, Thomas V. Harris, Philip Meade* and *John Cornelius Versnel,* for respondents.

PEKELIS, C.J. — Kathy Alexander appeals the trial court's order dismissing her claim for the loss of the love and companionship of her minor son, Mark. She challenges the trial court's dismissal of her case for improper joinder and failure to attend trial. We affirm.

In September of 1988, just outside of Monroe Middle School, Richard Olaf Drivstuen struck Mark Erickson with his car. The accident allegedly occurred because a Food Services of America truck was parked within 20 feet of a crosswalk, thus blocking the view of oncoming traffic. Mark sustained severe head injuries and now suffers profound mental and emotional difficulties.

At the time of the accident, Mark's parents, Kathy Alexander and Steven Erickson were divorced. Erickson had primary custody of Mark and his sister, Kimberly. Alexander and Erickson each sought independent legal counsel; Erickson retained the services of attorney Paul Luvera and Alexander retained John Glassman.

On September 25, 1991, Erickson filed a personal injury action against Food Services of America, Drivstuen, Monroe School District and the City of Monroe, among others (hereinafter Defendants).[1] Alexander was not named as a plaintiff in the suit. Pursuant to RCW 4.24.010, which creates a par-

---

[1]Erickson actually filed two separate actions against the Defendants. However, both parties agree that the second suit is the only one at issue in this case.

ent's cause of action for the injury of a child, Erickson served Alexander with a notice of institution of lawsuit on June 17, 1991. On December 26 and 27, 1991, Alexander served each of the Defendants with a notice of joinder for the *Erickson* suit, together with a summons and complaint for her own personal injury action (hereinafter the *Alexander* suit).

Early in 1992, Alexander's daughter informed her that a trial date had been set in the suit instigated by Erickson. Alexander repeatedly called Glassman in order to discuss the status of her case. Glassman returned her call only once and assured her that he would get back to her with an update. On June 1, 1992, the trial commenced. After learning this, Alexander again tried to contact Glassman. When she was unable to reach him, she called Erickson's attorney, Paul Luvera, and spoke with Lita Luvera. Alexander claims that Lita Luvera convinced her not to attend the trial. After a month-long trial, the jury found in favor of Mark in the amount of $5,830,387.50 and in favor of Erickson in the amount of $498,750.

Alexander persisted in her attempt to reach Glassman and eventually learned that he had been temporarily suspended from practice. Alexander then retained the services of a new attorney, John Alexander. John Alexander filed a notice of appearance which used a double caption combining the caption for the *Erickson* suit with that of the *Alexander* suit. The notice was returned for having an incorrect caption. John Alexander filed another notice of appearance, this time bearing only the caption of the *Alexander* suit.

On April 28, 1993, Alexander filed a motion requesting that the date for trial be set in the *Alexander* suit. The Defendants responded by filing a motion for summary judgment requesting that Alexander's claims in both the *Erickson* and *Alexander* suits be dismissed. The trial judge entered an order dismissing with prejudice all of Alexander's claims on numerous grounds including that Alexander failed to properly join the *Erickson* suit and that she did not attend trial.

Alexander appeals from the order of summary judgment in the *Erickson* suit, conceding that the *Alexander* suit was

properly dismissed. Alexander's first contention is that the trial court erred in determining that she failed to join Erickson's suit in a timely manner.

Claims for damages arising out of the injury of a minor child are governed by RCW 4.24.010 which requires parents to join their claims in a single cause of action. The pertinent parts of the statute read as follows:

> This section creates only one cause of action . . .
>
> If one parent brings an action under this section and the other parent is not named as a plaintiff, notice of the institution of the suit, together with a copy of the complaint, shall be served upon the other parent . . .
>
> Such notice shall be in compliance with the statutory requirements for a summons. Such notice *shall* state that the other parent *must* join as a party to the suit within *twenty days* or the right to recover damages under this section shall be *barred.* Failure of the other parent to timely appear *shall bar* such parent's action to recover any part of an award made to the party instituting the suit.

(Italics ours.) RCW 4.24.010.

██ While the statute directs a parent to join within 20 days or be barred from recovery, it does not address the procedures by which a defendant must assert the defense of improper joinder. Alexander concedes that she did not serve the Defendants with a notice of joinder until approximately 6 months after Erickson served her with a notice of institution of suit. She contends, however, that upon her failure to do so, it was incumbent upon the Defendants to take some affirmative action before trial in order to invoke the statutory bar. The Defendants, on the other hand, argue that if a parent fails to join within the 20-day time limit, the statute provides an automatic bar, preventing him or her from later stating a claim.

The Defendants concede that the bar at issue here is most analogous to a statute of limitations. Their contention that the bar is automatic, however, is at odds with the procedure by which a statute of limitations defense is invoked. The defense is not self-executing. Under CR 8(c), a defendant must raise the issue of the statute of limitations "and any other matter constituting an avoidance or affirmative defense" in

its answer or in another appropriate pleading. The failure to do so in a timely manner results in a waiver of the defense. *Davis v. Nielson*, 9 Wn. App. 864, 876, 515 P.2d 995 (1973).

Alexander's interpretation of RCW 4.24.010 is also in harmony with a recent decision of this court. In *Wrenn v. Spinnaker Bay Homeowners Ass'n*, 60 Wn. App. 400, 804 P.2d 645 (1991), we noted that "there may be circumstances in which failure to comply with [the time limit imposed by the] rule can be excused." *Wrenn*, at 403. In order to avoid the piecemeal litigation prohibited by the statute, the determination of whether improper joinder is excusable should be made prior to trial. *Wrenn*, at 406. The fact that *Wrenn* contemplates that the trial court should decide the issue before trial suggests that it must be properly raised by a party in a pretrial motion.

We are concerned that RCW 4.24.010 remains unclear to practitioners and the courts. However, here, we need not decide whether Alexander's improper joinder could or should be excused or whether the Defendants waived the issue by failing to raise it in a timely manner.[2] Alexander failed to appear at the month-long trial. The trial court cited this failure as an additional basis for dismissal. In its discretion a trial court may dismiss a case because of a plaintiff's failure to appear for trial. *Wagner v. McDonald*, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973); *see also Snohomish Cy. v. Thorp Meats*, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988).

The trial court's power to dismiss under such circumstances is derived from CR 41(b), which reads in pertinent part:

> **(b) Involuntary Dismissal; Effect.** For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.

CR 41(b). Under this rule, "a trial court may exercise its discretion to dismiss an action based on a party's willful

---

[2]We note that other questions regarding the proper interpretation of RCW 4.24.010 remain, such as whether the issue of improper joinder should be timely raised by the defendant or the original plaintiff.

noncompliance with a reasonable court order." *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 37, 823 P.2d 518 (1992). It may also exercise its discretion to dismiss for the "failure of the plaintiff to prosecute . . .". CR 41(b). The failure to attend trial is both a failure to prosecute and a failure to comply with the order setting trial. Given that Alexander had notice of both the requirements of RCW 4.24.010 and notice of the trial, and, for whatever reason, willfully chose not to attend, the trial court did not abuse its discretion in dismissing the case.

Affirmed.

SCHOLFIELD and GROSSE, JJ., concur.