IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Vulnerable Adult Petition for:<br><br>HAROLD ERLING MALNES.<br><br>BRIAN MALNES,<br><br>          Appellant,<br><br>   and<br><br>DAVID MALNES,<br><br>          Respondent. | No. 86434-3-I<br>(Linked with<br>No. 86433-5-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — In linked appeals,[1] Brian Malnes, representing himself, challenges the orders of the superior court dismissing his cases against his brother, David Malnes, and Leigh Bennet. On appeal, Brian[2] asserts that the superior court erred when it dismissed his cases due to his failure to appear at the hearing on his own motions for revision of the commissioner's orders denying certain vulnerable adult protection order petitions that he filed on behalf of his father, Harold Malnes. We conclude that the superior court did not abuse its discretion in dismissing Brian's cases and that Brian has not otherwise established an entitlement to appellate relief. Accordingly, we affirm.

---

[1] This appeal is linked with In re Vulnerable Adult Pet. for Malnes, No. 86433-5-I.

[2] We use the first names of the members of the Malnes family for clarity because they share the same last name.

FACTS

On October 23, 2023, Brian, pro se, filed a petition for a vulnerable adult protection order on behalf of his father, Harold, and against his father's attorney, Bennett, in Snohomish County Superior Court. A little over one week later, Brian filed another petition seeking the same against his brother, David Malnes.

A superior court commissioner proceeded to consider Brian's petitions alongside one another. Brian initially participated in the proceedings without legal counsel and, as pertinent here, he noted at least one hearing on a motion on the court's calendar. Bennett and David each retained legal counsel. The superior court commissioner later appointed legal counsel for both Brian and Harold.

On January 11, 2024, the commissioner held a remote video-conference hearing on both of Brian's petitions. At that hearing, Brian, among others, appeared virtually. After listening to argument from all parties, the commissioner issued oral rulings denying Brian's petitions and entered corresponding written orders.

On January 22 at 8:30 a.m., Brian, again representing himself, filed separate motions for revision of the commissioner's orders denying his petitions against Bennett and David. Later that day, Brian signed and filed a calendar note setting his motion for revision in his case against Bennett on the superior court's calendar to be heard on February 2. As pertinent here, the informational portion of the calendar note that he filed indicated that

> All questions related to the Judge's Civil Motions calendar should be directed to the Judge's law clerk. Law clerk contact information is available online at https://www.snohomishcountywa.gov/1345/Judicial-Officers. . . .

Remote appearance information can [be] found on the court's website at: https://www.snohomishcountywa.gov/5772/.[3]

Then, on February 2, a superior court clerk minute entry for the motion for revision hearing, with the case caption of his case against David, indicated that the superior court judge found and ruled as follows: "The Petitioner was approved to appear for this hearing via Zoom; the Petitioner did not appear for this hearing today and therefore the motion for revision of [the commissioner's] order entered on January 11, 2024 is dismissed."

Shortly thereafter, the superior court judge entered separate orders dismissing Brian's cases against David and Bennett. Each order provided that "THIS MATTER having come before the Honorable Bruce I. Weiss per Plaintiff's Motion for Revision, the Plaintiff having not appeared, in-person or via Zoom, it is hereby: ORDERED ADJUDGED AND DECREED that this case is DISMISSED."

Brian timely appealed each order. By letter, we advised the parties that Brian's appeals in these matters would be linked for the purpose of argument and disposition.

## DISCUSSION

Brian focuses the majority of his opening brief on the actions of the commissioner who denied Brian's petitions. His only assertion of error by the superior court is that it did not provide him information on how to remotely access the hearing on his motion for revision.

---

[3] This record was designated for review by respondent Bennett.

"Once a judge rules on a motion for revision, any appeal is from the judge's decision, not the commissioner's." In re Marriage of Tupper, 15 Wn. App. 2d 796, 801, 478 P.3d 1132 (2020) (citing State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004)). In ruling on a motion for revision,

> the revision court's scope of review is not limited merely to whether substantial evidence supports the commissioner's findings. In re Smith, 8 Wn. App. 285, 288, 505 P.2d 1295 (1973). Instead, the revision court has full jurisdiction over the case and is authorized to determine its own facts based on the record before the commissioner. In re Dependency of B.S.S., 56 Wn. App. 169, 171, 782 P.2d 1100 (1989); In re Welfare of McGee, 36 Wn. App. 660, 679 P.2d 933 (1984); Smith, 8 Wn. App. at 288-89.

In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004) (emphasis added).

"A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented." Snohomish County v. Thorp Meats, 110 Wn.2d 163, 166-67, 750 P.2d 1251 (1988) (footnote omitted). [4] Relatedly, we have recognized that, "[i]n its discretion a trial court may dismiss a case because of a plaintiff's failure to appear for trial." Alexander v. Food Servs. of Am., Inc., 76 Wn. App. 425, 429, 886 P.2d 231 (1994) (citing Thorp Meats, 110 Wn.2d at 167)). Therefore, we review the superior's court's dismissal of Brian's motion for abuse of discretion. Id. at 429. A court abuses its discretion when its decision is based on untenable grounds or made for untenable reasons. Luckett v. Boeing Co., 98 Wn. App. 307, 309-10, 989 P.2d 1144 (1999).

---

[4] Brian does not contest that a court rule or statute governs the circumstances presented.

Here, in considering Brian's motions for revision, the superior court judge dismissed Brian's cases against Bennett and David on the basis that Brian did not appear at the hearing set on the court's calendar for his motions. On appeal, Brian does not contest that he filed the motions for revision in his case, that he signed and filed a calendar note setting a hearing date of February 2 in the superior court in his motion for revision in his case against Bennett, that the calendar note contained instructions on the manner in which he could access the hearing via video-conferencing software and provided law clerk contact information if he had any further questions, or that the clerk minute entry from the February 2 hearing reflected that Brian did not appear. He also does not contest the superior court judge's ultimate findings that he did not appear either in person or virtually for the hearing scheduled on his motions.

The superior court did not abuse its discretion in dismissing Brian's case. Brian did not appear at the superior court hearing that he himself scheduled on his own motions and the judge dismissed his cases on that basis. The superior court judge did not err in so doing.

Nevertheless, Brian contends that the superior court violated RCW 7.105.205(5)(a) by not providing him with adequate information on how to access the hearing via video-conferencing software. The record is to the contrary.

RCW 7.105.205 provides, in pertinent part,

(5) If a hearing is held with any parties or witnesses appearing remotely, the following apply:
(a) Courts should include directions to access a hearing remotely in the order setting the hearing and in any order granting a party's request for a remote appearance. Such orders shall also include

- 5 -

directions to request an interpreter and accommodations for disabilities.

The record in this matter does not contain the court order setting the hearing in this matter. The burden is on the party seeking review to provide a record sufficient to review the error assigned on appeal. RAP 9.6(a). Therefore, as an initial matter, Brian fails to carry his burden to present an adequate record to review his contention.

Regardless, the record in this matter contains a superior court document that Brian signed and filed in noting a hearing on the court's calendar for his motion for revision against Bennett. As set forth above, the informational portion of that document provided as follows:

> JUDGE'S CIVIL MOTIONS: All questions related to the Judge's Civil Motions calendar should be directed to the Judge's law clerk. Law clerk contact information is available online at https://www.snohomishcountywa.gov/1345/Judicial-Officers. . . . Remote appearance information can [be] found on the court's website at: https://www.snohomishcountywa.gov/5772/.

Brian does not establish superior court error. The record reflects that the superior court provided him with the means to obtain the information that the court allegedly did not provide to him. Moreover, he does not present citation to the record or argument in support of the proposition that he attempted and failed to rely on those resources made available to him by the court.

Furthermore, the record suggests that Brian was already familiar with the information that he allegedly did not have. For instance, the record contains documentation supporting that Brian had himself previously noted at least one motion on the superior court's calendar and the transcript from the January 2024

hearing reflects that he had successfully attended at least one hearing remotely in the course of the proceedings arising from his superior court filings. Given all of this, the record does not support his contention that the superior court failed to provide him with the instructions necessary to access the hearing in question. Thus, Brian's contention fails.[5]

The remainder of Brian's assertions involve challenges to the substance of the commissioner's orders denying his petitions. However, as set forth above, on review of a superior court decision on a motion for revision, our review is from the decision of the superior court, not from that of the commissioner. Tupper, 15 Wn. App. 2d at 801 (citing Ramer, 151 Wn.2d at 113). Here, the superior court decisions to be reviewed are its dismissals of his cases against Bennett and David due to his failure to appear for the hearing on his motions that he set on the court's calendar. Indeed, the superior court, by its orders, did not enter any findings or conclusions with regard to the substance of the commissioner's orders. Therefore, Brian's remaining assertions are not properly before us and we decline to consider them. Accordingly, Brian does not establish an entitlement to appellate relief.

---

[5] In each of his opening briefs, Brian requests permission to add evidence to the record in support of his claim that the court did not provide him with information on how to access the remote hearing on his motion. RAP 9.11 sets forth several bases on which we may direct that additional evidence on the merits of a case be taken before the decision of a case on review. However, Brian does not indicate with specificity which evidence he seeks to add to the record nor does he present argument or authority in support of establishing any of these bases. Nevertheless, after consideration, we conclude that none of the RAP 9.11 bases apply to this matter. Therefore, we decline his request.

## Request for Attorney's Fees

Bennett and David each request an award of attorney fees on appeal pursuant to RAP 18.9 on the basis that Brian's appeals in this matter are frivolous and without merit. We disagree and therefore deny their requests.

Affirmed.

_____ Coburn, J.

WE CONCUR:

_____ Feldman, J.      _____, ACJ