[No. 711-3.  Division Three.  January 30, 1973.]

*In the Matter of the Welfare of* KATHRYN E. SMITH
*et al., Minors.*

*Joe R. Woolett* (of *Sperline, Ellis & Woolett*), for petitioner (appointed counsel for appeal).

*Fred L. Van Sickle, Prosecuting Attorney,* for respondent.

McInturff, J.—The sole issue presented is whether a superior court, when reviewing an order of a court commissioner, is bound by the substantial evidence rule enunciated in *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). We answer in the negative, and reverse.

On June 22, 1972 the Superior Court Commissioner of Douglas County entered an order depriving petitioners of the custody of four minor children. On August 23, 1972 the superior court affirmed this order.

In the course of an oral opinion the trial judge said:

> Well, counsel, we may as well take it in the order that Mr. Woolett sets forth as to why the court should reverse the findings of the court commissioner, and of course, that the Findings of Fact and the Order were not supported by the evidence. As I stated previously, I have read the transcript in full. I am sure that both counsel are familiar with *Thorndike v. Hesperian Orchards.* It is cited time and time again by the Court of Appeals and Supreme Court. And, of course, that case does hold that the appellate court will not overturn a decision of the trial court if it is substantiated by substantial evidence. In other words, even if the appellate court—or in this case, myself—reading the transcript would have arrived at a different decision, it does not mean that the court can overturn the decision of the court commissioner if it is supported by substantial evidence. And I am sure it is.

We have found no case where the *Thorndike* rule mentioned in the court's oral opinion has been applied to a superior court's review of a court commissioner's order. Review of such orders is covered in RCW 2.24.050 as follows:

> All of the acts and proceedings of court commissioners hereunder shall be subject to *revision* by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. *Such revi-*

*sion shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner,* and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, his orders and judgments shall be and become the orders and judgments of the superior court, and from same an appeal may be taken to the supreme court or the court of appeals in all cases where an appeal will lie from like orders and judgments entered by the judge. [Amended by Laws of 1971, ch. 81, § 10, effective March 23, 1971.]

(Italics ours.)

The superior court's scope of review under the precedent statute, containing essentially the same language as RCW 2.24.050, was considered in *State ex rel. Biddinger v. Griffiths,* 137 Wash. 448, 242 P. 969 (1926). In that case a defendant filed in superior court a motion for review of the rulings and orders of a court commissioner. The superior court limited its review to whether the process was regular and according to law on its face, "whether the findings of the commissioner supported the judgment," and refused to review the entire case as heard by the commissioner. In granting a writ of mandamus to require the superior court to make a full review of the cause, the court said, at page 450:

It will be noted that, by this section, [section 86, Rem. Comp. Stat., now RCW 2.24.050] "all of the acts and proceedings" of the court commissioners shall be subject to revision by the superior court, and, further, that "such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner . . ." All the acts and proceedings mentioned in the statute undoubtedly include the rulings of the court commissioner upon the rejection or admission of evidence. The records of the case, as mentioned in the statute, undoubtedly refer to something else than findings of fact and conclusions of law, for these are specially mentioned. It is clear, it seems to us, that what was contemplated by the legislature was that, upon application, the trial court should review the *entire proceeding* before the commissioner and this would include

> the evidence taken before that officer. The trial court had the power to direct that the evidence taken before the court commissioner be certified by that officer in order that it, along with the findings and conclusions, might be reviewed.
>
> . . .
>
> It was the duty of the trial court to take jurisdiction of the *entire* case as heard before the commissioner.

(Italics ours.) The term "revision" in this statute and in article 4, section 23 of the Washington Constitution[1] was held in *Biddinger*, at page 451, to be synonymous with the term "review":

> The constitution as well as the statute, . . . uses the word "revision," but this is equivalent to the word "review." "Revision" is defined by the Century Dictionary as follows: "To look carefully over with a view to correction; go over in order to suggest or make desirable changes and corrections; review." "Review" is defined by that dictionary as follows: "To consider or examine again; revise; as, a court of appeals reviews the judgment of an inferior court."

At the time of that decision appellate review of superior court determinations was de novo on the record. *See Thorndike v. Hesperian Orchards, Inc., supra.* Hence the holding of *Biddinger* is that the superior court's review of a court commissioner's findings and order is de novo on the record. *Accord, Eastern Outfitting Co. v. Lamb,* 169 Wash. 480, 484, 14 P.2d 30 (1932).

Thus, in the instant case, the superior court erred when it limited the scope of its review to the question of whether there was substantial evidence to support the commissioner's findings. Instead, it should have taken full jurisdiction of the entire case, determined its own facts based upon

---

[1]Article 4, section 23 of the Washington Constitution provides: "There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to *revision* by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law." (Italics ours.)

the record made before the commissioner, and/or conducted such further proceedings as in its discretion were deemed necessary to resolve the matter.

This cause is remanded to the trial court for reconsideration of its order affirming the court commissioner's order, in accordance with this opinion.

GREEN, C.J., and MUNSON, J., concur.