56 Wn. App. 169 (1989)
782 P.2d 1100
In the Matter of the Dependency of B.S.S.
No. 12207-3-II.
The Court of Appeals of Washington, Division Two.
December 7, 1989.
*170 James M. Gilligan, for appellant.
Kenneth O. Eikenberry, Attorney General, and Richard A. McCartan, Assistant, for respondent State.
Paul J. Dugaw and Enbody & Dugaw, for respondent guardian ad litem.
PETRICH, J.
Darlene Harris appeals the order terminating her parental rights to her minor son, B.S.S. She claims that the Superior Court's failure to enter its own findings of fact, when it considered a motion to revise the Commissioner's order, mandates a new trial. In the alternative, she contends that even if the Superior Court can adopt the findings of the Commissioner, those findings are not supported by evidence on the record.
We affirm.
RCW 2.24.050 states that acts and proceedings of court commissioners shall be subject to revision by the superior court and that the revision shall be based on the records of the case and the findings of fact and conclusions of law entered by the commissioner. In the absence of a timely demand for revision, appellate review of a commissioner's acts and proceedings is the same as review of like orders and judgments entered by the judge.
[1] Harris misplaces reliance on a footnote in In re Estate of Larson, 103 Wn.2d 517, 520, 694 P.2d 1051 (1985) as authority requiring a remand of this case. The footnote was merely a suggestion that the superior court enter its own findings of fact after reviewing a commissioner's proceeding. In the absence of a demand for a revision, the commissioner's orders and judgment become the orders and judgment of the superior court; we see no reason why the superior court on a revision cannot adopt the commissioner's orders and judgment either expressly or by clear implication from the record. After all, a refusal to "revise" *171 leaves the action of the commissioner unchanged. Separate findings and conclusions would be appropriate if the record were viewed by the judge differently from the view of the commissioner. Here, the Judge agreed with the Commissioner.
RCW 2.24.050 speaks only of a hearing on the record, the court nevertheless has full jurisdiction over the case and its power of review is essentially unlimited. In re McGee, 36 Wn. App. 660, 679 P.2d 933 (1984). It may conduct whatever proceedings it deems necessary to resolve the matter. In re McGee, supra. The superior court may adopt the commissioner's findings of fact as its own.[1] In this case, by clear implication, the court has done so.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
ALEXANDER, C.J., and REED, J., concur.
Reconsideration denied January 11, 1990.
Review denied at 114 Wn.2d 1018 (1990).
NOTES
[1] CR 52(d) states:

A judgment entered in a case tried to the court where findings are required, without findings of fact having been made, is subject to a motion to vacate within the time for the taking of an appeal. After vacation, the judgment shall not be reentered until findings are entered pursuant to this rule.
If, indeed, the superior court could not adopt the commissioner's findings, the appropriate remedy here would have been to vacate the judgment until findings were entered. CR 52(d). In this case, since the petitioner failed to move to vacate the judgment, the result would have been that the judgment would stand.