[No. 21217-3-III. Division Three. April 10, 2003.]

THE STATE OF WASHINGTON, *Appellant*, v. MARIE A. LOWN, *Respondent*.

*Gary A. Riesen, Prosecuting Attorney,* and *Edward N. Stevenson, Deputy,* for appellant.

*Dale M. Foreman,* for respondent.

SWEENEY, J. — At the discretion of the juvenile court, a violation of the terms of community service may be deemed a violation of the conditions of deferred disposition. The dispositive question here is whether the Juvenile Justice Act of 1977, chapter 13.40 RCW, endows juvenile court

commissioners with the discretion to find that a juvenile's drug use is a "de minimis violation" of the terms of community supervision and thereby to continue the deferred disposition. We conclude that it does and affirm.

## FACTS

Marie A. Lown is a juvenile. She pleaded guilty to stealing a car, obstructing a law enforcement officer, unlawfully possessing drug paraphernalia, and possessing stolen property. The court deferred the imposition of confinement, pursuant to the statute. The court may defer disposition of confinement and impose a community-based disposition when an eligible juvenile is adjudicated guilty. RCW 13.40.127(2). A violation of the terms of the community-based disposition results in automatic revocation of the deferral and immediate confinement.

The judge ordered Ms. Lown not to use illegal drugs as one of the conditions of deferred disposition. But she had a positive urinalysis (UA) within a month. The State first moved to revoke the deferred disposition but later relented and asked the court to find a simple community service violation. The commissioner did so and entered an agreed order to that effect.

Ms. Lown had a second positive UA about five months later. Again, the State moved to revoke the deferred disposition. But this time the State stuck with it.

At a hearing before the juvenile court commissioner, Ms. Lown acknowledged the positive UA and admitted she had used illegal drugs. She expressed remorse. She had also completed her 96 hours of community service on time, attended 49 MA[1] meetings, and had reregistered with the Center for Alcohol and Drug Treatment. She had also changed her circle of friends and done everything else recommended by her counselors. She asked the court to find

---

[1] This acronym is not spelled out in the record. We take it as either a corruption of NA (Narcotics Anonymous) or the acronym of a similar program for methamphetamine addicts.

that she had substantially complied with the terms of her disposition and volunteered to spend 10 days in a juvenile institution. To do this required that the court treat the positive UA as a de minimis violation. The State responded that the violation was not de minimis.

Penny Hoiland, Ms. Lown's probation counselor, testified that Ms. Lown had substantially complied with treatment and was stable and at low risk to relapse, but she had relapsed five times. Ms. Hoiland had initially recommended that the deferral be revoked. But after talking to Ms. Lown, she now recommended that the court give Ms. Lown one more chance. Ms. Hoiland testified that Ms. Lown was doing very well in school, had paid all her restitution, and had completed 96 hours of community service 47 hours ahead of schedule. She also had attended 49 MA meetings and had 17 clean UAs. She was following her parents' home rules. Ms. Hoiland suggested surprise UAs to monitor future compliance.

The commissioner found that Ms. Lown was genuinely extremely remorseful. He accepted the mitigating facts. He entered a finding that Ms. Lown had violated the terms of community supervision imposed as a condition for deferred disposition. On the court's own motion, however, the commissioner elected to treat the violation as a community supervision violation under RCW 13.40.200. A community supervision violation, as distinct from the violation of the terms of a deferred disposition, allows the court considerable discretion in fashioning an appropriate penalty. The community supervision statute simply says the court may "modify" the order. RCW 13.40.200(1).

The commissioner also accepted the recommendation of Ms. Lown's counsel and imposed 10 days of confinement, because he felt an additional sanction was in order.

The State moved for revision by a superior court judge.

The judge found that the record showed the commissioner was trying to act in the best interests of the juvenile. The judge stated that he would probably have reached a

different result and revoked the deferred disposition. But the court deferred to the commissioner, denied the motion for revision, and adopted the commissioner's findings, conclusions, and order.

## DISCUSSION

The actions of a superior court commissioner are subject to revision by a superior court judge. RCW 2.24.050; *State v. Smith*, 117 Wn.2d 263, 268, 814 P.2d 652 (1991). The State first argues that the superior court judge must conduct *a de novo review* of the record and make independent findings of fact in addressing a motion to revise a commissioner's ruling. *State v. Charlie*, 62 Wn. App. 729, 732, 815 P.2d 819 (1991). And the State contends the court must enter its own findings and conclusions if the judge's findings differ from those of the commissioner. *In re Dependency of B.S.S.*, 56 Wn. App. 169, 171, 782 P.2d 1100 (1989).

STANDARD OF REVIEW

■ We review a superior court judge's interpretation of a statute de novo. *State v. J.A.*, 105 Wn. App. 879, 884-85, 20 P.3d 487 (2001). Here, we are asked to review the superior court's interpretation of the revision statute, RCW 2.24.050.

■ *Scope of Superior Court Review*. The scope of the superior court's review of a commissioner's ruling is limited to the record and the commissioner's findings of fact and conclusions of law. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). "Limited to the record" means that the judge can request a certified record of the proceedings, but does not make his or her own findings. The superior court judge is in the same position as we would be. "Revision" is synonymous with "review." *Smith*, 117 Wn.2d at 272; *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 451, 242 P. 969 (1926).

Because "revision" is synonymous with "review," when a commissioner's findings and conclusions are challenged, the superior court judge reviews the findings for substantial

evidence and the conclusions de novo. *State v. Wentz*, 110 Wn. App. 70, 72-73, 38 P.3d 393 (2002); *State v. Macon*, 128 Wn.2d 784, 799, 911 P.2d 1004 (1996). This is what the superior court did here.

*Superior Court's Review of This Decision.* The State asked the judge to determine (a) whether the commissioner followed the law and (b) if he did, whether he abused his discretion nonetheless.

The judge first noted that, as a matter of law, the courts are required to balance retribution and rehabilitation. The court then reviewed de novo the language of the relevant statutes and the judicial interpretation of those statutes in *State v. J.A*, 105 Wn. App. 879. It concluded as a matter of law that the commissioner was within his discretion to treat the infraction under the community supervision provisions rather than the deferred disposition provisions.

The court then reviewed the commissioner's findings of fact—specifically the finding that the violation was de minimis—for substantial evidence. Comparing Ms. Lown's offense to that of assault with a deadly weapon held to be de minimis in *J.A.*, the judge found that the commissioner's finding was supported by the record. The court applied the correct standard.

We next turn to the merits of the superior court's ruling.

DE MINIMIS VIOLATION

The State contends that committing a new offense during the deferral period constitutes lack of compliance with the deferral agreement *as a matter of law*. And therefore the commissioner erred as a matter of law in finding that the methamphetamine violation was de minimis. We disagree.

When a juvenile is adjudicated guilty, RCW 13.40.127(2) permits the court, if the juvenile is eligible, to defer disposition and impose community supervision. A mandatory condition of community supervision is that the juvenile not commit any new offenses. RCW 13.40.020(4). If the juvenile does not comply with the terms of community supervision,

the court "shall" enter an order of disposition. RCW 13.40.127(7).

Whether a juvenile is in substantial compliance with the terms of community supervision is to be determined by the court in the exercise of its statutory discretion. RCW 13.40.127(7). What constitutes lack of compliance is to be determined by the judge. *J.A.*, 105 Wn. App. at 884.

Here, the commissioner applied the judicially created exception for a "de minimis" violation. This was an appropriate exercise of his statutory discretion.

In *J.A.*, a juvenile was four days short of the end of her community supervision when she became embroiled in a fight between her mother and the mother's boyfriend and ended up brandishing a gun. She pleaded guilty to second degree assault, a new offense which violated the terms of community supervision. *Id.* at 882. We affirmed the juvenile court's exercise of its discretion in finding the violation was de minimis. And we agreed that the goals of the juvenile justice act were served because the juvenile had performed admirably until that point and only four days remained in the deferral period. *J.A.*, 105 Wn. App. 879.

The intent of RCW 13.40.127 cannot be gleaned from a particular word, but must be gathered from the juvenile justice act as a whole. *Id.* at 885. The act gives the court broad discretion in applying the rules. For instance, the court may consider admitted but uncharged crimes in imposing disposition, contrary to the rules governing adult offenders. *Id.* at 886. A juvenile court may even dispense with the prerequisite procedures of determining competency, if to do so will accomplish the overall goals of the juvenile justice act. *Id.* This is a "broad grant of authority" to take into account the uniqueness of any juvenile's individual circumstances and to "fashion orders" accordingly. *Id.* at 887.

The juvenile court's discretion to suspend the rules, however, works both ways. The court may impose any condition of supervision it deems appropriate. RCW

13.40.127(5); *J.A.*, 105 Wn. App. at 887. Also, RCW 13-.40.127(7) grants the court the discretion to determine, in light of all the attendant facts and circumstances, whether a technical violation constitutes lack of compliance justifying revocation of deferral. We declined to apply a "draconian" interpretation that would defeat the legislative intent that the decision be made by the sentencing judge. *J.A.*, 105 Wn. App. at 887.

The court also has the discretion to deal with a violation of the terms of community supervision under the terms of RCW 13.40.200 instead of 13.40.127. In fact, the State asked the court to do precisely that with Ms. Lown's previous infraction. The State complains that the court applied RCW 13.40.200 on its own motion. But the plain language of the statute gives the court that option: "When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor *or its own motion*, may modify the order after a hearing on the violation." RCW 13.40.200(1) (emphasis added).

The commissioner here did not, then, err as a matter of law. The juvenile justice act provides the court with discretion.

█ █ *The 10-Day Custodial Sanction.* The State contends the commissioner exceeded the scope of his statutory authority by modifying Ms. Lown's order of community supervision to include 10 days of confinement. The State argues that the court also abused its discretion by both finding the violation was de minimis and at the same time imposing a sanction. But nothing in the statutory scheme or the case law prevents the court from imposing a sanction for a de minimis violation.

The juvenile justice act does not explicitly authorize the particular sanction the commissioner imposed. But the court may impose "any conditions of supervision that it deems appropriate." RCW 13.40.127(5); *J.A.*, 105 Wn. App.

at 887. This gives the juvenile court broad authority to craft an appropriate sanction.

■ Moreover, this issue is not properly before the court. Since Ms. Lown is the only party potentially aggrieved by such an error, the State has no standing to appeal it. The trial court opted for 10 days of confinement during spring break at Ms. Lown's own request. She did not wish to be let off scot-free, but volunteered for a brief confinement as an alternative to being subject to disposition on the original charges. This court would decline to review the error if raised by Ms. Lown, on the grounds of invited error. If she cannot appeal it, arguably nobody can. We find no error.

SEPARATION OF POWERS

■ Finally, the State contends that the juvenile court is powerless to find substantial compliance with a deferral order and elect not to revoke a deferred disposition except upon motion by the State. Here, the State did not move for a finding of noncompliance, but actively moved to revoke the deferral under RCW 13.40.127(7). The State contends the court had no discretion to deny the State's motion and to substitute its own motion to find a community supervision violation under RCW 13.40.200(1).

The State's position is contrary to the plain language of the juvenile justice act. RCW 13.40.200(1) says that if the juvenile fails to comply with an order of community supervision, the court may modify the order *on its own motion.* The term "community supervision" includes supervision imposed by an order granting deferred disposition. RCW 13.40.020(4).

The commissioner had the statutory authority, therefore, under RCW 13.40.200 to modify Ms. Lown's order of community supervision on its own motion.

The judgment of the trial court is affirmed.

BROWN, C.J. and KATO, J., concur.

Review denied at 150 Wn.2d 1024 (2003).