# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ROXANNA VEISEH | ) | No. 69995-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SOHRAB DANESHFAR, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 23, 2013 |
| | ) | |

PER CURIAM – Sohrab Daneshfar appeals an order granting his former wife's petition for modification of child support. He contends that the trial court erred in its calculation of child support. Specifically, he argues that the court overlooked evidence of a shared residential schedule and failed to enter specific findings explaining its denial of his request for a deviation from the standard child support calculation. Because Daneshfar did not request a deviation below, does not offer a basis for considering a deviation for the first time on appeal, and was not entitled to a deviation in any event, we affirm.

Sohrab Daneshfar and Roxanna Veiseh were divorced on January 30, 2004. The child support order incorporated the parties' agreement that in lieu of child support, Daneshfar would provide housing for Veiseh and their son Romtin at Daneshfar's sole expense for three years. The parenting plan provided for equal residential time with both parents.

On October 18, 2012, Veiseh filed a petition for modification on the grounds that the 2004 order "works a severe economic hardship", that Romtin, now 15, has moved into a new age category, and that the termination of maintenance constituted a

substantial change in circumstances resulting in Veiseh's inability to "meet basic needs of her household."

On February 12, 2013, following a trial by affidavit,[1] the trial court entered findings and conclusions[2] and an order on modification of child support requiring Daneshfar to pay $881.76 per month.

Daneshfar appeals.

## DECISION

We review orders modifying child support for abuse of discretion and will disturb the trial court's decision only if it rests on unreasonable or untenable grounds. In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). We review challenged findings and conclusions by determining if substantial evidence supports the findings and if the findings in turn support the conclusions of law. State v. Ross, 106 Wn. App. 876, 880, 26 P.3d 298 (2001). Substantial evidence exists if it is sufficient to persuade a fair-minded, rational person of the truth of the matter asserted. State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006). Unchallenged findings of fact are verities on appeal. State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

RCW 26.19.035(2) states, "An order for child support shall be supported by written findings of fact upon which the support determination is based and shall include reasons for any deviation from the standard calculation and reasons for denial of a party's request for deviation from the standard calculation." RCW 26.19.075 lists

---

[1] See KCLFLR 14(2).

[2] The findings and conclusions incorporate by reference the child support worksheet that was approved by the court, as well as the new order of child support.

reasons a court may deviate from the standard calculation, which include consideration of the residential schedule. RCW 26.19.075(1)(d).

Daneshfar contends that the trial court "erred in the calculation of [the] child support transfer payment, overlooking the evidence that . . . the child resides in [both parents'] households every other day and every other weekend, and failing to state specific findings for denying a deviation from standard calculation." He contends that "[o]n numerous occasions Appellant in his court filings indicated, albeit not using the precise term of 'Deviation from Standard Calculation,' that certain adjustment (sic) to transfer payment should be made." Because the record provided does not support this contention,[3] and because Daneshfar offers no basis for this court to consider a deviation for the first time on appeal, his claim fails.

In his response to the petition for modification, Daneshfar noted the shared residential schedule and requested relief "based upon the Washington State Child Support Schedule." His child support worksheets, however, did not request a reduction in child support below the basic child support obligation. At line 26 of the worksheets, a parent may list "other factors for consideration," but Daneshfar made no reference here to the residential schedule or other reasons for deviation from the standard calculation. Nor did he request a deviation in his trial declaration. In short, it appears from the record provided that Daneshfar is raising his claim for the first time on appeal. In the absence of any argument or authority supporting consideration of the claim for the first

---

[3] We note that Daneshfar has not provided a verbatim or narrative report of proceedings.

time in this court, we need not address either this claim or Daneshfar's related claim that the trial court should have entered findings regarding deviation. RAP 2.5(a).

Even if Daneshfar had preserved these claims, the record provided does not support a downward deviation. First, Daneshfar failed to provide all necessary financial documents. KCLFLR 10(b)(3) requires either party who "owns an interest of 5% or more in a corporation, partnership or other entity that generates its own tax return [to submit] the complete tax return for each such corporation, partnership or other entity for the prior two years." Daneshfar provided pay stubs and two individual tax returns, but no corporate tax returns, though he draws a salary from a wholly owned corporation. Br. of Resp't at 7-8. Second, RCW 26.19.075(1)(d) states that a court may not deviate on the basis of a shared residential schedule "if the deviation will result in insufficient funds in the household receiving the support to meet the basic needs of the child . . . ." Veiseh's trial declaration and financial declaration show that without child support, monthly expenses exceed monthly income. Substantial evidence supports, and Daneshfar does not challenge, the trial court's finding that the lack of support since maintenance terminated in 2007 "works a severe economic hardship."

In summary, Daneshfar has failed to show that the trial court abused its discretion in entering the order modifying child support.

Affirmed.

FOR THE COURT:

Cox, J.

4