**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

SEKOU WIGGS SR.,

　　　　　　　　　　Appellant,

　　　　v.

TAMIKYA ST. CLAIR,

　　　　　　　　　　Respondent.

No. 80003-5-I

DIVISION ONE

UNPUBLISHED OPINION

　　　　DWYER, J. — Sekou Wiggs Sr. appeals from the superior court's order revising a commissioner's order denying Tamikya St. Clair's petition to modify an order of child support. He asserts that the superior court erred in finding that St. Clair met the statutory predicates for modifications. He further asserts that the judge erred by imputing income to him, ordering postsecondary education support, and awarding attorney fees and costs to St. Clair. Because the trial court failed to enter findings of fact and conclusions of law to support its fee award, we remand for further proceedings on that request for relief. We otherwise affirm.

I

　　　　Sekou Wiggs Sr. and Tamikya St. Clair were involved in a lengthy intimate relationship but they never married. At the time the superior court entered the order at issue in this appeal, the children were 25, 19, and 8 years old. Wiggs is

also the father of a minor child with Phala Sir. Wiggs has worked as a real estate agent and St. Clair is a teacher for the Seattle School District.

In March 2013, Wiggs filed a petition to dissolve the committed intimate relationship with St. Clair. Final agreed orders and a decree of dissolution were entered on July 18, 2014. The final order of child support required Wiggs to make monthly $500 child support payments to St. Clair based on Wiggs's monthly net income of $2,311.[1] This amount represented a downward deviation from the standard child support calculation of $567 because of Wiggs's responsibility to support his other minor child with Sir. The order also required Wiggs to pay support until the children reach age 18 or graduate from high school, whichever is later. The order reserved the matter of postsecondary education support.

On April 23, 2015, Wiggs filed a petition for modification of child support, claiming that he had lost his job as an apartment manager. That petition was dismissed based on a procedural error. On July 24, 2015, Wiggs filed another petition for modification. On November 13, 2015, after a trial by affidavit, the superior court entered an order denying and dismissing Wiggs's petition, finding that he failed to satisfy his burden under RCW 26.09.170 to prove a significant change in circumstances. The court found that the existing child support order was predicated on Wiggs earning approximately $15 per hour and that any subsequent modification would support imputation of income at the same level.

---

[1] At that time, the parties' middle child was age 14 and the youngest was age 8.

The court further found that Wiggs had not shown any "medical, psychological, or physical reasons why he is unable to work."

On September 1, 2016, Wiggs filed a petition to vacate the July 2014 decree. The parties resolved the dispute by agreement, and the court entered amended orders on September 21, 2017. The agreed amended child support order was in most respects unchanged from the 2014 order. The order still identified Wiggs's actual monthly income to be $2,311, required him to pay $500 per month to support the two minor children, required support to be paid until the children turn 18 or complete high school, and reserved the issue of postsecondary support.

On May 24, 2018, St. Clair filed a pro se petition to modify child support. Referring to the original 2014 child support order, St. Clair alleged that the court should modify the child support amount because the current order was signed at least two full years previously and the parents' income had changed. She further alleged that there had been a substantial change in circumstances since the current order was signed. Specifically, St. Clair alleged that her financial situation had worsened, that Wiggs was earning unreported income, and that their eldest daughter's needs had changed because she would still be in high school past age 18 and was preparing to enter college in September 2018.

In a declaration in support of her petition, St. Clair asserted that Wiggs had been concealing income to avoid his child support obligations. She presented evidence that Wiggs had a significant presence in the community as a successful real estate agent. St. Clair alleged that Wiggs was funneling his real

estate commissions through Sir, who had become a real estate agent and joined Wiggs's real estate team. On this basis, St. Clair asked the court to impute income to Wiggs.

Wiggs admitted that he was working as a real estate agent and earning income on a commission basis. But he asserted that he was existing day to day on a very limited income, relying substantially on public assistance, and living in a small rented room with his minor child from his relationship with Sir. Wiggs also claimed that he suffers from depression, anxiety, and severe uncontrolled hypertension.

In response, St. Clair submitted another declaration, which called to attention issues regarding Wiggs's credibility. Wiggs responded by defending his credibility and continuing to assert that he is destitute. Sir filed a declaration asserting that Wiggs is struggling financially and that she sometimes allows him to assist her with real estate transactions.

On December 21, 2018, following a hearing, a commissioner denied St. Clair's petition. The commissioner found that, at the time of St. Clair's petition, two years had not passed since the September 21, 2017 child support order was issued and that St. Clair had not pled that the prior order worked a severe economic hardship. The commissioner, citing Wiggs's receipt of food stamp benefits, further found that Wiggs had no ability to pay postsecondary support and that he was not voluntarily unemployed.

On December 31, 2018, St. Clair filed motions to revise and reconsider the commissioner's ruling regarding modification of child support. In the revision

motion, St. Clair asserted that the agreed 2017 child support order was not a modification of the original 2014 child support order.

On revision, the superior court granted St. Clair's petition, modified the child support amount based on imputed income, and ordered postsecondary support. The judge found that St. Clair sufficiently pleaded the requirements for modification under RCW 26.09.170(6) due to "severe economic hardship" and because there was a child in high school after age 18. The court similarly found that St. Clair met the requirements for modification under RCW 26.19.090 based on the need for postsecondary support on the older child's entrance into college.

Having found that St. Clair met the statutory predicates for modification, the judge further found that St. Clair provided sufficient evidence that Wiggs was voluntarily unemployed or underemployed. The judge rejected Wiggs's account of his current financial status and found that Wiggs "lacks any credibility that he cannot continue to work as a real estate agent, earning similar income as before."

Next, pursuant to RCW 26.19.071(6)(b), the court used historical data from 2011 and 2012 to impute Wiggs's annual income at $76,616.50. The court also ordered support for the older child to continue until postsecondary education commenced, and postsecondary support for her education. The court denied a requested deviation from the standard calculation and ordered Wiggs to pay support of $654.31 per month for the younger minor child. The court further awarded attorney fees and costs to St. Clair. Wiggs appeals.

II

Wiggs asserts that the superior court committed multiple procedural and factual errors in revising the commissioner's ruling by granting St. Clair's petition to modify the existing child support order. We disagree.

A

"'The actions of a superior court commissioner are subject to revision by a superior court judge.'" In re Marriage of Dodd, 120 Wn. App. 638, 643, 86 P.3d 801 (2004) (quoting State v. Lown, 116 Wn. App. 402, 407, 66 P.3d 660 (2003)). "'In cases such as this one, where the evidence before the commissioner did not include live testimony, then the superior court judge's review of the record is de novo.'" Dodd, 120 Wn. App. at 643 (quoting In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999)). "[T]he revision court has full jurisdiction over the case and is authorized to determine its own facts based on the record before the commissioner." Dodd, 120 Wn. App. at 644 (citing In re Dependency of B.S.S., 56 Wn. App. 169, 171, 782 P.2d 1100 (1989)). So long as new evidence is not relied on, the superior court "may conduct whatever proceedings it deems necessary to resolve the matter." In re Welfare of McGee, 36 Wn. App. 660, 662, 679 P.2d 933 (1984) (citing In re Welfare of Smith, 8 Wn. App. 285, 505 P.2d 1295 (1973)); accord, B.S.S., 56 Wn. App. at 171.

We review a trial court's modification of an order for child support for an abuse of discretion. In re Marriage of Schumacher, 100 Wn. App. 208, 211, 997 P.2d 399 (2000). "Discretion is abused where it is exercised on untenable grounds for untenable reasons." In re Marriage of Tang, 57 Wn. App. 648, 653,

789 P.2d 118 (1990). Substantial evidence must support the trial court's factual findings. In re Parentage of Goude, 152 Wn. App. 784, 790, 219 P.3d 717 (2009). "[C]redibility determinations are left to the trier of fact and are not subject to review." In re Marriage of Burrill, 113 Wn. App. 863, 868, 56 P.3d 993 (2002).

B

RCW 26.09.170 governs a parent's ability to modify a child support order. Modifications are generally limited to situations in which there has been a "substantial change of circumstances." RCW 26.09.170(1). A petition may be filed on this basis at any time. RCW 26.09.170(5)(a). As an exception to this general rule, a parent may request a modification one year or more after it has been entered without showing a substantial change in circumstances if the original order "works a severe economic hardship on either party or the child" or if "there is a need to extend support beyond the eighteenth birthday to complete high school." RCW 26.09.170(6)(a), (b). Likewise, a parent can file a motion for adjustment without showing a substantial change of circumstances when two years have passed since entry of the last adjustment or modification and the parents' income has changed. RCW 26.09.170(7)(a).

C

Wiggs first argues that the superior court erred in determining sua sponte that St. Clair's petition qualified to modify the child support order on the basis of "severe economic hardship." He points out that St. Clair actually petitioned on the basis that more than two years had passed since entry of the 2014 child support order and that the parties' income had changed, not on the basis of

severe economic hardship.  Wiggs further contends that principles of finality and res judicata bar St. Clair from relitigating the 2014 and 2017 child support orders, and that the mechanism for overturning these prior orders is a CR 60(b)(4) motion to vacate.  Wiggs is mistaken.

The 2014 and 2017 child support orders were both entered by agreement. "Washington courts have general and equitable powers to modify any order pertaining to child support payments when the child's needs and parents' financial ability so require."  Schumacher, 100 Wn. App. at 213.  When the parties arrived at their own agreement, we presume that the trial court did not examine the evidence, and the party arguing against the modified order must overcome this presumption with clear evidence.  Schumacher, 100 Wn. App. at 213.  Although the superior court ruled on a different basis, we may affirm on any basis the record supports.  Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn.2d 751, 766, 58 P.3d 276 (2002).  There is nothing in the record before us to rebut the presumption that the trial court never independently examined the evidence underlying the agreed orders.  Contrary to Wiggs's assertions, principles of finality and res judicata have no applicability in this context.  The trial court was well within its discretion and equitable powers to independently review the evidence and modify the child support order as the needs of the children and the finances of the parties required.

Moreover, as Wiggs properly concedes, modification was proper on the basis of postsecondary support because the 2014 and 2017 orders both reserved that issue and St. Clair invoked it in her petition to modify.  When the

issue of postsecondary support has been reserved, the trial court may modify the order and award postsecondary support as if the issue were being decided in an initial dissolution proceeding. In re Marriage of Morris, 176 Wn. App. 893, 902, 309 P.3d 767 (2013).

D

Wiggs next argues that the trial court's method of calculating his imputed income was based on an incorrect interpretation of RCW 26.19.071. The interpretation and applicability of a statute presents questions of law that we review de novo. Grey v. Leach, 158 Wn. App. 837, 844, 244 P.3d 970 (2010). When interpreting a statute, we seek to ascertain the legislature's intent. State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). Where a statute's meaning is plain on its face, we must give effect to that meaning as expressing the legislature's intent. Jacobs, 154 Wn.2d at 600.

RCW 26.19.071 governs the standards for determining income when calculating child support obligations. RCW 26.19.071(1) through (5) specify methods and processes for the precise calculation of actual net and gross monthly income based on documentary evidence. However, when the trial court finds that a parent is voluntarily unemployed or underemployed, no precise calculation of actual income is possible. In that case, the court must impute a parent's income using the best information available in accordance with a specified order of priority. RCW 26.19.071(6).

Here, after finding that Wiggs was voluntarily unemployed or underemployed, the judge found that imputation of income was appropriate

under RCW 26.19.071(6)(b) based on historical income data from tax years 2011 and 2012, the two years immediately preceding the original petition for dissolution.  Based on the average of those two years, the judge imputed Wiggs's income at $76,616.50.  Wiggs asserts that this amount is too high because the judge chose only the figures from Wiggs's gross profits without subtracting expenses to arrive at a calculation of net monthly income, as required by RCW 26.19.071(5).  We disagree.

In enacting the child support schedule statute, the legislature intended to ensure that child support orders were adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living.  In re Marriage of Fiorito, 112 Wn. App. 657, 664, 50 P.3d 298 (2002).  RCW 26.19.071(1) through (5) provide for a precise calculation of income based on the existence of reliable documentary evidence.  When a parent is voluntarily unemployed or underemployed, no such information exists, and the court must impute income based on the best information available.  RCW 26.19.071(6) does not specify or require particular exclusions or deductions in the process of imputing income.  Nor does it make reference to RCW 26.19.071(1) through (5).  Wiggs's interpretation of RCW 26.19.071 finds no support in the statute's plain meaning or in legislative intent.  The trial court's calculation of imputed income was supported by substantial evidence and was proper as a matter of law.

E

Wiggs next challenges the amount of the award of postsecondary support. He acknowledges that the modification was proper on this basis and that the judge considered the required statutory factors pursuant to RCW 26.19.090(2). However, he contends that the award was nevertheless improper because it was based on the judge's erroneous determination of his imputed income. He claims that, in reality, he cannot afford to provide the ordered support because he has little income.

Wiggs cites to In re Marriage of Shellenberger, 80 Wn. App. 71, 906 P.2d 968 (1995), in support of his contention that he cannot afford to pay the amount awarded. In Shellenberger, the trial court ordered the father to make postsecondary educational support payments that, "when combined with his debt service and living expenses, exceed his income, even the net income amount imputed by the trial court." 80 Wn. App. at 83. In this context, the Shellenberger opinion noted that a postsecondary support obligation that would force the obligor parent into bankruptcy or prevent the parent from meeting their obligation to another minor child would in most cases amount to an abuse of discretion. 80 Wn. App. at 84. The appellate court directed the trial court to make findings of fact on remand as to the parent's ability to pay while still meeting his own reasonable needs and obligations. Shellenberger, 80 Wn. App. at 84.

Here, in contrast, there is no need for remand based on ability to pay. The court found Wiggs not credible regarding his financial status and properly imputed his income based on the evidence in the record that it did credit.

F

Wiggs similarly challenges the judge's decision to decline a discretionary step increase pursuant to RCW 26.09.170(7)(c). That statute provides that "[i]f the court adjusts or modifies a child support obligation pursuant to this subsection by more than thirty percent and the change would cause significant hardship, the court may implement the change in two equal increments, one at the time of the entry of the order and the second six months from the entry of the order." The superior court based its decision on Wiggs's lack of credibility regarding his financial situation. This decision was not an abuse of discretion.

G

Wiggs next asserts that the superior court abused its discretion in modifying child support pursuant to RCW 26.09.170(6) for the middle child for the time period between high school and college. RCW 26.09.170(6)(b) provides that an order of child support may be modified without a showing of substantially changed circumstances "[i]f a child is still in high school, upon a finding that there is a need to extend support beyond the eighteenth birthday to complete high school." Wiggs contends that, to the extent the court extended support beyond high school, it cannot do so under this provision.

Here, the court found that the middle child was a "dependent adult child" after completing high school, and that support should continue for the three-month period between high school and college. Regarding postsecondary support, the court found that there has been a substantial change in circumstances and that child support for the middle child should continue for the

three-month period between high school and college. The order also specifies that "[p]ost-secondary educational support may include support for the period after high school and before college or vocational school begins." The court did not abuse its discretion in making this award of postsecondary support.

H

Wiggs next contends that the superior court exceeded the scope of review under RCW 2.24.050 by considering the entire case file rather than limiting its review to the documents the parties submitted to the commissioner. We disagree. RCW 2.24.050 provides that a superior court's revision of a commissioner's ruling "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner."

Here, both the commissioner and the superior court judge had access to the entire record of the dissolution case, including child support matters. Because the commissioner did not find the imputation of income to be warranted, the commissioner did not consider all of the contents of the court file. However, the superior court judge was free to do so on determining that Wiggs's testimony was not credible and that such imputation was warranted. The judge made the imputation calculation based solely on evidence submitted by the parties prior to the commissioner's ruling. This is not "new" evidence within the meaning of RCW 2.24.050, which—by its terms—allows the judge to consider "the records of the case." This is especially so given the discretion afforded superior court judges in resolving motions for revision. See B.S.S., 56 Wn. App. at 171; McGee, 36 Wn. App. at 662; Smith, 8 Wn. App at 288-89. There was no error.

13

i

Wiggs further contends that the superior court erred by considering new evidence in connection with St. Clair's motion for reconsideration, which St. Clair improperly filed with the superior court rather than the commissioner. However, the record does not show any action by the judge on the motion for reconsideration. In the order granting St. Clair's motion for revision, the judge expressly stated that "[t]his Court has reviewed the current Motion, and the past history of this case." The order cites solely to evidence before the commissioner, including the case file. There is no indication that the court considered, reviewed, or relied on any of the documents submitted in connection with the motion for reconsideration. No error is demonstrated.

III

Wiggs challenges the superior court's award of attorney fees and costs to St. Clair. He asserts that the award was improper and that reversal is required because the order is not supported by findings of fact or conclusions of law. St. Clair asserts that the basis and amount of the award was proper. But she concedes that we must remand for entry of findings and conclusions to support the award.

The trial court must calculate the award of fees using the lodestar method, and it must enter findings of fact and conclusions of law supporting its decision to award fees. Mahler v. Szucs, 135 Wn.2d 398, 434-35, 957 P.2d 632, 966 P.2d 305 (1998). Such a record is necessary for an appellate court to review the award. Deep Water Brewing, LLC v. Fairway Res., Ltd., 170 Wn. App. 1, 6, 282

P.3d 146 (2012). Where a trial court fails to provide sufficient findings of fact and conclusions of law to develop an adequate record for appellate review of the fee award, we must vacate the award and remand for a new hearing and the entry of findings of fact and conclusions of law regarding the fee request. In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006). On this basis, we reverse the award of attorney fees and remand to the trial court.

St. Clair requests an award of attorney fees on appeal, pursuant to RAP 18.9(a), which authorizes an award of attorney fees as a sanction for filing a frivolous appeal. "An appeal is frivolous if 'no debatable issues are presented upon which reasonable minds might differ, i.e., it is [so] devoid of merit that no reasonable possibility of reversal exists.'" Hartford Ins. Co. v. Ohio Cas. Ins. Co., 145 Wn. App. 765, 780, 189 P.3d 195 (2008) (internal quotation marks omitted) (quoting Olson v. City of Bellevue, 93 Wn. App. 154, 165, 968 P.2d 894 (1998)). Because Wiggs raised a meritorious challenge to the attorney fee award, his appeal was not frivolous. We decline to award fees to St. Clair on appeal.

Affirmed in part and reversed and remanded for further proceedings.

_____

WE CONCUR:

_____          _____