# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>SCOTT THOMAS SURMA,<br><br>                   Appellant,<br>   v.<br><br>DANA KIM SURMA,<br><br>                 Respondent. | No. 54045-2-II<br><br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. – Scott Surma appeals the superior court's denial of his motion for revision of a commissioner's order denying postsecondary educational support for his daughter, HS. Surma contends the superior court wrongly considered postsecondary educational support from HS's mother, Dana Nelson (formerly known as Surma) to the parties' oldest daughter, ZS. We affirm.

## FACTS

Surma and Hanson have two daughters, ZS and HS. ZS is currently 21 years old and HS is 19 years old.

Surma and Hanson divorced in 2005. The parties' child support order states, "The right to petition for post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13." Clerk's Papers (CP) at 17. Support terminated when the child reached the age of 18 or graduated from high school, whichever occurred last.[1]

---

[1] The superior court last modified the child support order in 2013, but the postsecondary provision did not change.

No postsecondary educational support was ordered for ZS. But before HS graduated from high school, Surma petitioned the court to modify the child support order and order postsecondary educational support for HS. Hanson did not join in Surma's petition, alleging that she was already providing postsecondary educational support for ZS without assistance from Surma. In support of her argument, Hanson submitted a statement from "College Ave Student Loans" showing an original loan amount of $18,000.00 and a current balance of $11,823.08. CP at 252. The document did not identify the borrower or the loan's purpose, but Hanson declared that she took out the loan to help pay for ZS's educational expenses. Hanson's name is also on the document showing she logged into the website to request the loan balance.

A superior court commissioner denied Surma's petition for postsecondary educational support for HS, finding that Hanson provided the bulk of the support for the children during their minority and Hanson continues to provide support for ZS while she is in college. Surma filed a motion for revision.

Following a revision hearing, the superior court judge granted the revision in part and found that both parties have historically supported the children, but denied revision regarding postsecondary educational support for HS. The court found, "It is appropriate for the court to consider the mother's support for [ZS] in determining whether to award support for [HS]." CP at 204. Surma appeals.

ANALYSIS

Surma contends the superior court erred in denying his motion for revision. He alleges the court wrongly found that it was appropriate to consider Hanson's postsecondary educational support for ZS and even assuming it was a proper factor to consider, substantial evidence does not support that Hanson was supporting ZS. We disagree.

## I. LEGAL PRINCIPLES

"When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). The superior court is "authorized to determine its own facts based on the record before the commissioner." *In re Marriage of Dodd*, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). We will not disturb findings of fact supported by substantial evidence, i.e., evidence sufficient to persuade a rational person of the truth of the premise. *In re Marriage of Lutz*, 74 Wn. App. 356, 370, 873 P.2d 566 (1994).

The superior court has broad discretion to order support for postsecondary education. *In re Marriage of Newell*, 117 Wn. App. 711, 718, 72 P.3d 1130 (2003). The court abuses that discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.* Factors to be considered in exercising this discretion include:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2). When deciding whether to award postsecondary educational support, the superior court is "not limited" to these factors. RCW 26.19.090(2).

## II. CONSIDERATION OF HANSON'S SUPPORT FOR ZS

Initially, Surma argues that the superior court actually awarded postsecondary educational support for his oldest daughter ZS by considering Hanson's contributions to her educational support. But Surma misconstrues the court's finding. The court found that "It is appropriate for the court to consider the mother's support for [ZS] in determining whether to award support for [HS]." CP at 204. The court found that this was a proper factor to consider when deciding whether

to order postsecondary educational support for HS; the court did not order support for ZS. Indeed, Hanson could stop providing educational support for ZS at any time. Therefore, we reject Surma's argument that the court's consideration of Hanson's contributions to ZS amounts to a postsecondary educational support order.

Next, Surma argues that the superior court erred in finding that Hanson's contributions to ZS's postsecondary educational support was a proper factor in considering Surma's petition for support for HS. RCW 26.19.090(2) expressly states a court is "not limited" to the factors set forth in the statute. Thus, our legislature has expressly given courts the discretion to consider additional factors when deciding whether to order postsecondary educational support. The postsecondary support for a sibling is a reasonable consideration.

Because RCW 26.19.090(2) is not an exhaustive list of factors that the superior court can consider when deciding whether to award postsecondary educational support, the court did not err in considering Hanson's contribution to the parties' oldest daughter.

III.    SUBSTANTIAL EVIDENCE SUPPORTS HANSON'S CONTRIBUTIONS TO ZS

Surma next contends substantial evidence does not support the superior court's finding that Hanson provided postsecondary educational support for ZS. We disagree.

In support of her argument, Hanson submitted a statement from "College Ave Student Loans" showing an original loan amount of $18,000.00 and a current balance of $11,823.08. CP at 252. Hanson's name is on the document. While the document does not identify the borrower or the loan's purpose, Hanson provided a declaration stating that she took out the loan to help pay for ZS's educational expenses. Surma presented no evidence to the contrary. This evidence is sufficient to persuade a rational person that Hanson secured a loan to help provide for ZS's postsecondary education support. *Lutz*, 74 Wn. App. at 370.

4

Based on the above, the superior court properly considered Hanson's postsecondary educational support of ZS and substantial evidence supports the court's finding that Hanson provided support for ZS. Accordingly, Surma fails to show the court abused its discretion in denying his petition for postsecondary educational support for HS.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Veljacic, J._
Veljacic, J.

We concur:

_Sutton, J._
Sutton, J.

_Glasgow, A.C.J._
Glasgow, A.C.J.