IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KATHRYN COX, | No. 85798-3-I |
| Appellant, | |
| v. | ORDER GRANTING MOTIONS TO PUBLISH AND AMEND MOTION TO PUBLISH |
| CHARLES ALLEN FULMER, | |
| Respondent. | |

On July 15, 2024, nonparty the Northwest Justice Project (NJP) filed a motion to publish the opinion filed on June 24, 2024 in this case. On July 19, 2024, NJP filed a subsequent motion to file an amended motion to publish the June 24, 2024 opinion. Appellant Kathryn Cox filed and answer to the motion to publish. A majority of the panel has determined that the motions should be granted. Now, therefore, it is hereby

ORDERED that nonparty NJP's motion to publish the opinion is granted.

FOR THE COURT:

_____

Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KATHRYN COX, | No. 85798-3-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CHARLES ALLEN FULMER, | |
| Respondent. | |

BOWMAN, J. — Kathryn Cox appeals the dismissal of her petition for a domestic violence (DV) protection order (DVPO) against Charles Fulmer. Cox contends two court commissioners erred by denying her request for a temporary DVPO and summarily dismissing her petition without setting a full hearing under chapter 7.105 RCW. Cox also contends a superior court judge erred by refusing to address the merits of her motion for revision on the ground that a local court rule required her to serve Fulmer with her motion. We reverse and remand for further proceedings.

FACTS

Cox and Fulmer are the parents of M.F. and share residential custody. In 2023, Cox appealed the parenting plan of five-year-old M.F.

On July 14, 2023, while the appeal of the parenting plan was pending, Cox petitioned for a DVPO on behalf of herself and M.F. in Snohomish County

Superior Court.[1]  Cox requested that the court enter an immediate temporary DVPO pending a full hearing on the merits of her petition.  She alleged that on July 8, 2023, M.F. returned to her home from Fulmer's custody wearing "urine soaked clothing."  Cox said that M.F. told her Fulmer touched his " 'private area.' "  Cox took M.F. to the hospital, where M.F. disclosed to a staff member that he "feels unsafe" at Fulmer's home because Fulmer "hits him" and "touch[es] his privates."  Cox attached a copy of the hospital records to her DVPO petition.  Cox also alleged that M.F. had been exhibiting unusual behavior, including frequent bedwetting, "fear of using the bathroom independently," dissociation, and the "development of tics."

That afternoon on July 14, a superior court commissioner denied Cox's request for a temporary DVPO and did not set a hearing to address the full DVPO.  The commissioner marked the box on the denial order that stated:

> The *Petition for Protection Order* does not list a specific incident and approximate date of behavior that would support a [DV], stalking, antiharassment, sexual assault, or vulnerable adult protection order as defined in RCW 7.105.100.  The Protected Person should have **14 days to amend** their petition before dismissal.

The commissioner also checked the box that stated service on Fulmer was "not required" because "[t]he petition was denied," and service is "only required if a future hearing is scheduled."

Cox timely filed an amended petition on July 26, 2023 and attached a declaration clarifying the reasons for seeking a DVPO.  That same day, a

---

[1] Cox also petitioned on behalf of her other child, five-month-old E.C.-H.  E.C.-H. is not related to Fulmer or a subject of this appeal.

different court commissioner again denied Cox's request for an immediate temporary DVPO and did not set a full DVPO hearing. The commissioner again based his decision on Cox not listing a specific incident that would support a protection order under RCW 7.105.100. The court also checked a box in the denial order under the header "Final Order Findings," stating that "[a] preponderance of the evidence does not support" issuing a DVPO. The court added a handwritten ruling that stated, "This matter should be resolved in the family law action . . . or hearing with advance notice to [the] other party." And because the commissioner did not schedule a hearing on the merits of Cox's petition, he again checked the box that stated service on Fulmer was "not required."[2]

On August 4, 2023, Cox moved to revise the commissioners' denial orders and the dismissal order. On August 15, a superior court judge considered the motion without oral argument but did not reach the merits of the commissioners' decisions. Instead, the next day, the judge entered an order denying revision because Cox did not serve Fulmer with a copy of her motion under Snohomish County Local Rule (SCLR) 7(b)(2)(d)(12)(A).[3]

Cox appeals.

---

[2] On August 1, 2023, apparently unaware that Cox timely filed an amended petition, the first court commissioner entered an order dismissing her original petition because she "failed to provide an amended petition by the 14-day deadline after denial of the Temporary Order pursuant to RCW 7.105.305(5)."

[3] That rule provides, in relevant part, "A party seeking revision of a commissioner's order shall, within the time specified by statute, file and serve on all other parties a motion and completed calendar note."

ANALYSIS

Cox asserts that (1) the first court commissioner erred by denying her request for a temporary DVPO and not setting a full hearing based on the allegations in the original petition, (2) the second court commissioner erred by denying her amended request because he believed the allegations should be addressed in the pending family law action, and (3) the superior court judge erred by refusing to hear her motion for revision because she did not serve Fulmer with notice of the motion.

We review a court's decision to grant or deny a request for a protection order for an abuse of discretion. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). Our review is focused on the actions of the superior court judge because the trial court's order on a motion for revision supersedes any rulings by a commissioner. *In re Marriage of Dodd*, 120 Wn. App. 638, 644, 86 P.3d 801 (2004).[4] A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). A decision based "on an erroneous view of the law" is an abuse of discretion. *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

Chapter 7.105 RCW governs the issuance of civil protection orders. Hearings under the chapter are special proceedings. RCW 7.105.200(1). As

---

[4] A revision denial amounts to an adoption of the commissioner's decision by the superior court judge. *Maldonado*, 197 Wn. App. at 789. But here, the trial court denied Cox's motion on procedural grounds and did not reach the merits of the commissioners' decisions. As a result, we address only the trial court's procedural ruling and do not reach the merits of whether the commissioners abused their discretion in denying Cox's requests for a temporary DVPO.

such, procedures established for protection order hearings supersede inconsistent civil court rules.  *Id.*

The legislature's primary purpose in enacting chapter 7.105 RCW was to protect victims of DV, stalking, harassment, and other forms of abusive or threatening behavior.  RCW 7.105.900.  In line with that purpose, RCW 7.105.305(1) authorizes a court to issue an immediate temporary DVPO without prior notice to the respondent pending a full hearing on the merits of the petition.

The ability to request a temporary DPVO without notifying the respondent serves an important safeguard to the safety of the petitioner.  Notifying a respondent of the request for a temporary DVOP "make[s] it easier for the respondent to then evade personal service," "endanger[s] abuse survivors by enraging respondents before court protection is ordered," "alerts an abusive partner to the exact location of a victim at a time when the risk of an abusive partner inflicting severe or lethal violence is highest," and "may facilitate parental abduction."  Jane K. Stoever, *Access to Safety and Justice:  Service of Process in Domestic Violence Cases*, 94 WASH. L. REV. 333, 358 (2019); *see also State v. Reyes*, 796 A.2d 879, 884-85, 172 N.J. 154 (2002); *Felton v. Felton*, 679 N.E.2d 672, 676-77, 79 Ohio St.3d 34 (1997).[5]  The immediacy of these threats to the victim justifies any temporary infringement on the rights of the alleged abuser that may adhere in lack of notice.  *Spence v. Kaminski*, 103 Wn. App. 325, 334, 12 P.3d 1030 (2000).

---

[5] We note that while the alleged victim in this case, M.F., is a child rather than a former romantic partner, the safety concerns remain the same.  *See* Stoever, 94 WASH. L. REV. at 359 (describing a California case in which the abuser murdered the child after he received advanced notice of a petition for a protection order).

Here, Cox sought the issuance of a temporary protection order. First before the commissioners and then, on revision, before the superior court judge. As a petitioner for a temporary protection order, RCW 7.105.305(1) relieves her of the obligation to notify the respondent of her request in an effort to ensure her safety. And the safety concerns associated with seeking a temporary protection order are the same no matter whether the request is before a court commissioner or, on revision, before a superior court judge. As much as SCLR 7(b)(2)(d)(12)(A) compels a petitioner seeking a temporary protection order to notify the respondent of a motion for revision, the rule conflicts with RCW 7.10.305(1), and the statute controls.

The superior court judge erred by denying Cox's motion for revision for failure to serve Fulmer with notice of the hearing. We reverse and remand for the trial court to address the merits of Cox's motion.

Brennan, J

WE CONCUR:

Díaz, J.

Smith, C.J.

6