IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLIAM J. HUST,<br><br>          Appellant,<br><br>v.<br><br>MONICA L. MILEM,<br><br>          Respondent. | No. 88746-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — William J. Hust and Monica L. Milem each obtained a domestic violence protection order (DVPO) against the other. Hust appeals the DVPO issued on his petition on the ground that the trial court exceeded its authority when it ordered him to pay Milem rent earned from their shared property and to repay Milem $970. He also claims the trial court erred when it refused to review the order to surrender weapons in the other DVPO issued on Milem's petition. We affirm the DVPO entered on Hust's petition and decline to address his challenge to the DVPO on Milem's petition as it is not before us in this appeal.

BACKGROUND

Hust and Milem were married and living together while they sought their respective DVPOs. Following a shared hearing on their petitions, a Clallam County Superior Court commissioner granted both. In both cases, the commissioner ordered that Hust was permitted to reside in their shared residence to the exclusion of Milem, but that Hust must pay Milem the rental income received from other occupants of their

shared property.[1] Further, Milem claimed Hust had taken approximately $970 from her banking account, and the commissioner ordered Hust to reimburse Milem $970. In the order granting Milem's petition, the commissioner also ordered Hust to surrender all knives, swords, crossbows, or any other weapons.

Hust filed a motion for revision specifically challenging the provisions concerning the payment of rental income and reimbursement as well as the provision requiring him to surrender weapons. The court denied the motion, stating that "the allocation of rental income and reimbursement of $970 is supported by the record." Furthermore, it noted that because the order to surrender weapons was from the companion case and not the underlying case to this appeal, it was not properly before the court and thus did not rule on it. Hust timely appeals the order on revision.

## DISCUSSION

All acts and proceedings by court commissioners are subject to revision by the superior court. RCW 2.24.050. The superior court reviews the commissioner's ruling de novo based on the evidence and issues presented to the commissioner. See RCW 26.12.215; RCW 2.24.050; In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). "When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

We review a denial of a motion for revision for an abuse of discretion. In re Receivership of Applied Restoration, Inc., 28 Wn. App. 2d 881, 890, 539 P.3d 837

---

[1] While the order in the companion case is not a part of the record on appeal before this court, the revision court described the order. The fact that the DVPO in the companion case contained this provision is not disputed on appeal.

(2023). A court abuses its discretion when its decision is " 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " Applied Restoration, 28 Wn. App. 2d at 891 (internal quotation marks omitted) (quoting Mony Life Ins. Co. v. Cissne Fam., LLC, 135 Wn. App. 948, 952-53, 148 P.3d 1065 (2006)). "If the trial court's ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis it necessarily abuses its discretion." Dix v. ICT Group, Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). "Questions of law and conclusions of law are reviewed de novo." Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

## A. Challenges to the Order on Revision

On appeal, Hust raises the same arguments as in his motion for revision. First, he argues that the "DVPO statutes (RCW 7.105) authorize only limited, temporary measures necessary for protection, not complex financial adjustments or debt adjudication." More particularly, he contends that "rental income is an unauthorized property division" and that "the $970 reimbursement is an unauthorized monetary judgment."

Hust is incorrect that the court lacked the authority to award such relief. "The legislature's primary purpose in enacting chapter 7.105 RCW was to protect victims of D[omestic] V[iolence], stalking, harassment, and other forms of abusive or threatening behavior." Cox v. Fulmer, 31 Wn. App. 2d 485, 490, 555 P.3d 431 (2024) (citing RCW 7.105.900). When issuing a DVPO, "the court shall have broad discretion to grant such relief as the court deems proper, including an order [that provides] . . . financial relief."

3

RCW 7.105.310(1)(t).[2] We disagree with Hust's argument that the order in the DVPO to pay the rental income to Milem subject to "further order of this court" is a property division. Rather, this language merely acknowledges that because Hust and Milem were married at the time of the mutual DVPOs, another court, such as in a dissolution proceeding, could modify this payment requirement. Because the statute explicitly allows courts to order "financial relief" as an available form of relief a court may grant when issuing temporary or full protection orders, the trial court acted within its statutory authority when it ordered Hust to pay Milem rent "until further order of this court" and reimburse her $970.

In addition to challenging the court's authority to order the reimbursement, Hust disagrees with the court's decision ordering him to reimburse Milem $970. The record on appeal contains an exhibit Hust introduced at trial that tracks withdrawals from Milem's account exceeding $970 and shows that the ending balance of her account as of June 26, 2025, was zero. In Hust's "revised statement and evidence to . . . answer accusations from [] Milem," which he presented to the trial court, he disputed spending Milem's money. Moreover, in his narrative report of proceedings, he recounted that, under oath, Milem claimed that he "had taken $980 from her bank account."[3] It is not clear from the record on appeal whether Hust directly challenged this testimony at the hearing, but other portions of the narrative report of proceedings note that at the

---

[2] The most recent version of RCW 7.105.310 became effective on July 27, 2025. LAWS OF 2025, ch. 122, § 2. The language is identical between the current and former statutes regarding court discretion to order financial relief. See RCW 7.105.310(1)(t); former RCW 7.105.310(1)(t) (2022).

[3] On appeal, the record "may consist of (1) a 'report of proceedings', (2) 'clerk's papers', [and] (3) exhibits." RAP 9.1(a). It is the appellant's burden to perfect the record on appeal so that the appellate court has all information and evidence relevant to the issues raised. See RAP 9.2(b); Yorkston v. Whatcom County, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). Milem did not raise any objection to Hust's narrative report of proceedings.

hearing, there were "conflicting claims" and that "Hust protested" the return of $970. He also stated in his motion for revision that he "did not take [Milem's] money from her disability, why should [he] have to pay it back."

Thus, even if Hust denied taking Milem's money, we do not review credibility determinations on appeal. Miles v. Miles, 128 Wn. App. 64, 70, 114 P.3d 671 (2005). Rather, "we leave credibility determinations to the fact finder." Id. at 71.

Instead, we review factual findings "under a substantial evidence standard, defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrig. Dist., 149 Wn.2d at 879. "If the standard is satisfied, a reviewing court will not substitute its judgment for that of the trial court even though it might have resolved a factual dispute differently." Id. at 879-80. Here, the record on appeal shows that Milem testified that Hust had taken the money from her and there was an exhibit corroborating the loss of over $970. Accordingly, to the extent the record includes information relevant to this issue, it shows substantial evidence to persuade a rational, fair-minded person that Hust took $970 from Milem. Thus, we conclude that the trial court did not abuse its discretion when it ordered Hust to repay Milem.

Finally, Hust argues because "RCW 2.24.050 mandates review of the integrated record," the revision court erred when it determined that the order to surrender weapons was not properly before it. Again, we disagree.

The commissioner considered Hust's and Milem's petitions at the same hearing. The commissioner ordered Hust to surrender "all knives, swords, crossbows, or any other weapons" as it related to *Milem's* petition, not Hust's. The DVPO in this case in

5

favor of Hust, which is the basis for the present appeal, did not contain a similar surrender weapons order.

Hust appears to argue that because the commissioner heard the two petitions together, the revision court and this court on appeal may review the commissioner's rulings on both petitions, because RCW 2.24.050 states that the court shall review the "*records* of the case." (Emphasis added). As discussed above, RCW 2.24.050 controls superior court revisions of all "the acts and proceedings of court commissioners" and states that revisions "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." Separately, "[u]nder RAP 5.2(a)(1), parties seeking appellate review of a trial court's decision have '30 days after the entry of the decision' to file a notice of appeal." Sullivan v. Schuyler, 31 Wn. App. 2d 791, 801, 556 P.3d 157 (2024). A party who fails to file a notice of appeal within 30 days waives the right to appeal. See In re J.R.H., 83 Wn. App. 613, 616, 922 P.2d 206 (1996) ("By failing to file a notice of appeal within 30 days of entry of either . . . order[], [appellant] waived [their] right to challenge the provisions to which [they] now object[].").

Here, while there may be some overlap in the record from the shared hearing, the record does not show that Hust sought revision of the separate protection order with the weapons restriction issued in the companion case on Milem's petition. By extension, because this appeal is of the trial court's order on revision, the DVPO in Milem's petition is not a part of this appeal. Indeed, Hust did not even provide the DVPO issued in favor of Milem in the "companion case"—i.e., the order that contains the restriction that he now attempts to challenge—as part of the record before this court.

Therefore, we conclude that the trial court did not err when it determined it could not review a provision in a DVPO that was not before it.

B. Attorney Fees on Appeal

On appeal, Milem requests "attorney fees and expenses," citing RAP 18.1 and "[t]he same statute that authorized the trial court to award fees." The appellate record does not show that the trial court awarded attorney fees to Milem. RAP 18.1(a) allows a party to request attorney fees on appeal where applicable law grants them the right. If fees are allowable at trial, then "the prevailing party may recover fees on appeal." Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.2d 680 (2017). RCW 7.105.310(1)(j) allows the superior court, within its discretion, to require "the respondent to pay the administrative court costs and service fees . . . and to reimburse the petitioner for costs incurred in bringing the action." However, because Milem is representing herself, "she is not entitled to attorney fees." Price v. Price, 174 Wn. App. 894, 905, 301 P.3d 486 (2014). Therefore, we deny her request.

CONCLUSION

We affirm.

_____
Chung, J.

WE CONCUR:

_____        _____

7